# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC HOUSTON,

        Petitioner,

v.                                  Civil Action No.  2:10cv124
                                  (Judge Bailey)

TERRY O'BRIEN, Warden,

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

The petitioner initiated this § 2241 habeas corpus action on November 5, 2010. On November 10th, he was granted permission to proceed as a pauper but directed to pay the required filing fee.  In so finding, the undersigned noted that in the six months preceding the filing of this action, the petitioner had average monthly deposits of $23.00.  Since that time, the petitioner has filed numerous letters complaining about the court's decision that he pay the $5.00 filing fee.

On December 2, 2010, the undersigned advised the petitioner that his *in forma pauperis* status had been appropriately determined pursuant to 28 U.S.C. § 1915, and that the petitioner had not provided the Court with any additional information which would change its previous assessment of his financial status.  Thus, because the petitioner had failed to pay the $5.00, he was directed to show cause why his case should not be dismissed without prejudice for the failure to prosecute.

In response, the petitioner has filed several more letters complaining of the Court's decision and a response to the show cause order.  In these various documents, the petitioner concedes that he once received average monthly deposits of $23.00.  He asserts, however, that he no longer receives such money and that in fact, he has spent whatever money he had available in his inmate account.  The petitioner attaches commissary receipts which show that since the Court ordered that he pay the $5.00

filing fee, he has purchased items from the commissary and depleted his account. The last receipt provided by the petitioner shows that he now has only $.10 remaining in his inmate account.

As noted, the undersigned has determined that the Court properly exercised its discretion when it directed the petitioner to pay the $5.00 filing fee. Moreover, the petitioner has failed to provide the Court with any additional information which would change the Court's opinion of his financial status. The fact that the petitioner chose to deplete his inmate account with commissary purchases rather than pay the Court's filing fee is unpersuasive. Accordingly, the undersigned recommends that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the petitioner's § 2241 petition [dckt. 1] be dismissed without prejudice for the failure to prosecute.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: February 10, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE