# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**ERIC HOUSTON,**

    Petitioner,

v.                                              **CIVIL ACTION NO. 2:10-CV-124**
                                                     **(BAILEY)**

**TERRY O'BRIEN, Warden,**

    Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Opinion/Report and Recommendation of United States Magistrate Judge John S. Kaull. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R & R on February 10, 2011 [Doc. 24]. In that filing, the magistrate judge recommended that this Court deny and dismiss the § 2241 petition [Doc. 1].

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v.**

***Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R & R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket reflects that service was accepted on February 11, 2011. See Doc. 26. No objections have been filed. Accordingly, this Court will review the report and recommendation for clear error.

On November 5, 2010, the petitioner was granted permission to proceed IFP, but was directed to pay the $5.00 filing fee because the petition was receiving monthly deposits of $23.00. Prior to entry of the instant report and recommendation, the petitioner had filed several letters opposing the filing fee requirement. The petitioner failed to pay the $5.00 and, as a result, was directed to show cause why his petition should not be dismissed without prejudice for failure to prosecute. In response, the petitioner continued to send letters and stated that he no longer receives the monthly $23.00 deposits. Receipts from the commissary, however, indicate that the petitioner spent all his money *after* being directed to pay the $5.00 filing fee. Therefore, this Court agrees with the magistrate judge's finding in his R&R that "[t]he fact that the petitioner chose to deplete his inmate account with commissary purchases rather than pay the Court's filing fee is unpersuasive."

Subsequent to the R&R, the petitioner[1] continued to send numerous letters [Docs. 27-34] containing neither the $5.00 filing fee, nor objections to the magistrate judge's findings.[2] This Court has reviewed the letters, but finds nothing contained therein which

---

[1] Petitioner's letters are actually hand-written by "Bobby J." on petitioner's behalf.

[2] Petitioner's letters are mostly comprised of incomprehensible strings of biblical quotes coupled with obscenities, demands on the Marshals Service and F.B.I., allegations of mail tampering and racial prejudice, and most recently, an alleged conspiracy between

would persuade this Court to disrupt the findings in the R&R.

Therefore, upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Opinion/Report and Recommendation **[Doc. 24]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, this Court hereby **DISMISSES** the § 2241 petition **[Doc. 1] WITHOUT PREJUDICE**,  and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court.  It is further **ORDERED** that the Clerk enter judgment for the respondent.

This Court notes that should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.  The **$5.00 filing fee** for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal.  In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

---

this Court and the Government in a "malicious move together to destroy [petitioner's] case."

**DATED:** March 15, 2011.

JOHN PRESTON BAILEY  
UNITED STATES DISTRICT JUDGE